ᴀ x No. /457



# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable Don D. Parker
County Auditor
Eastland County
Eastland, Texas

Dear Sir:                    Opinion No. O-1457
                            Re: After the county removes the
                                 property-owners' fence from
                                 the roadway, is it the coun-
                                 ty's obligation to rebuild
                                 said fence for said property
                                 owners, or place it in as
                                 good condition as it was be-
                                 fore being torn down?

        Your request for an opinion on the question as is
herein stated has been received by this department.

        We quote from your letter as follows:

        "Eastland County, in order to take care of
her unemployed, is sponsoring many road-building
projects, and in doing so, it is necessary that
she acquire either new right-of-way or additional
right-of-way in opening and widening the road.

        "When this additional right-of-way is secured,
it leaves the property-owners' fence in the road,
and it is necessary that this fence be removed be-
fore work can proceed in building the road. This
work has heretofore been done by WPA laborers.

        "The question that we are submitting to you
for an opinion is as follows:  After the County
removes the property-owners' fence from the road-
way, is it the county's obligation to rebuild
said fence for said property owners, or place it
in as good condition as it was before being torn
down?"

        In your recent conversation with us regarding the
abovementioned question, you informed us that you intended
this question to refer to all cases where the county obtained
right-of-way for road purposes whether acquired by a condem-

Honorable Don D. Parker, Page 2

nation proceeding, purchase, contract or otherwise.

Section 17 of Article I of the State Constitution provides that:

"No person's property shall be taken, damaged or destroyed for or applied to public use without adequate compensation being made, unless by the consent of such person; and, when taken, except for the use of the state, such compensation shall be first made, or secured by a deposit of money; and no irrevocable or uncontrollable grant of special privileges or immunities, shall be made; but all privileges and franchises granted by the Legislature, or created under its authority shall be subject to the control thereof."

We quote from Texas Juris. Vol. 16, p. 994, as follows:

"In other jurisdictions there is a conflict of authority upon the question of the right to recover the costs of any removal of buildings and fences as a separate item of damage, some authorities holding that this cost is merely a fact to be considered in determining the depreciation of the land by the taking. In Texas, while all authorities agree that the jury may take account of fact that the removal of structures is necessitated by the condemnation of part of the tract, some decisions appear to indicate that such damage may not be awarded as a separate item, but others hold that a verdict is not objectionable for the sole reason that the cost of the removal of structures appears as a distinct item and verdict.

"The substantial point involved is that, under the general principle of the law of damages, the instructions may not be so drawn as to permit a double recovery. The defendant is protected where, on an award including an item for removal of structures, it is made clear that the general item for depreciation excludes the separate items mentioned. A fortiori, where a single sum is awarded for all depreciation including the cost of removal of structures, an

Honorable Don D. Parker, Page 3

instruction that the jury may consider the cost of removing structures in determining the amount of depreciation is not objectionable either as permitting a double recovery or as being a charge on the weight of the evidence.

"On the other hand, instructions are objectionable as allowing a double recovery where the jury are charged to consider every fact and circumstance of evidence in assessing the depreciation, and then, by a further instruction, are directed to consider the cost of removal and re-erection of fences." See the cases of Wyse vs. McLain, 100 S. W. 802; City of San Antonio vs. Fite, 224 S. W. 911; Ft. Worth and D. S. P. I. Company vs. Judd, 4 S. W. (2d) 1032; Central Power and Light Co. vs. Willacy County, 14 S. W. (2d) 102.

No specific answer to the abovementioned question could apply to all of the cases which might be involved in acquiring right-of-way for road purposes and the rebuilding or replacing of fences for the property owners, but each case would be governed by its own facts.

Where right-of-way is acquired by purchase, contract or otherwise except by condemnation proceedings, and the construction or rebuilding of the fence is the whole or a part of the consideration for such new right-of-way or additional right-of-way secured by the county, then the county would be obligated to carry out its agreement with the landowner regarding the rebuilding or construction of the fence according to the contract or agreement had between the parties.

In the case of Morris vs. Coleman County, 28 S. W. 380, the court said:

"We think the item in the account for cost of five miles of fence, as a distinct item of damages, was properly stricken out. The question is, what additional burden was put upon the land affecting its value by opening the road?"

If such new or additional right-of-way is acquired by condemnation proceedings, then the judgment of the court would control.

216

Honorable Don D. Parker, Page 4


Trusting that the foregoing answers your inquiry, we remain

Yours very truly

ATTORNEY GENERAL OF TEXAS

By *Ardell Williams*

Ardell Williams
Assistant

AW:jm


APPROVED OCT 25, 1939

*Gerald C. Mann*

ATTORNEY GENERAL OF TEXAS


APPROVED
OPINION
COMMITTEE